# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| EVA KATHRYN GALLEGOS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-13-799-M |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Commissioner, Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Defendant Commissioner issued a final decision denying Eva Gallegos' (Plaintiff) applications for disability insurance benefits and supplemental security income under the Social Security Act, and Plaintiff seeks judicial review under 42 U.S.C. § 405(g). Chief United States District Judge Vicki Miles-LaGrange referred this matter for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (b)(3), and Fed. R. Civ. P. 72(b), and it is now before the undersigned Magistrate Judge. The undersigned has reviewed the pleadings, administrative record (AR), and parties' briefs, and recommends that the court reverse and remand the Commissioner's decision.

## I.     Administrative proceedings.

In her applications for benefits, Plaintiff alleged that her impairments became disabling in January 2008. AR 132-39. The Social Security

Administration (SSA) denied Plaintiff's claims, and at her request, an

Administrative Law Judge (ALJ) conducted a hearing. *Id.* at 27-64. In her

September 2011 decision, the ALJ found that Plaintiff is not disabled. *Id.* at

22. The SSA Appeals Council declined Plaintiff's request for review, *id.* at 1-

6, and Plaintiff now seeks review in this Court. Doc. 1.

## II. Disability determination.

The Social Security Act defines "disability" as the "inability to engage

in any substantial gainful activity by reason of any medically determinable

physical or mental impairment which can be expected to result in death or

which has lasted or can be expected to last for a continuous period of not less

than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner applies a five-

step inquiry to determine whether a claimant is disabled. *See* 20 C.F.R. §§

404.1520(b)-(f), 416.920(b)-(f); *see also Williams v. Bowen*, 844 F.2d 748, 750-

52 (10th Cir. 1988) (describing five steps in detail). Under this sequential

procedure, Plaintiff bears the initial burden of proving she has one or more

severe impairments. *See* 20 C.F.R. §§ 404.1512, 416.912; *Turner v. Heckler*,

754 F.2d 326, 328 (10th Cir. 1985). If she succeeds, the ALJ will conduct a

residual functional capacity (RFC)[2] assessment at step four to determine

what, if anything, Plaintiff can still do despite her impairments. *See* 20

---

[2]    Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. §§ 404.1545 (a)(1), 416.945(a)(1).

C.F.R. §§ 404.1545(e), 416.945(e); *Andrade v. Sec'y of Health & Human Servs.*, 985 F.2d 1045, 1048 (10th Cir. 1993). Then, if Plaintiff makes a prima facie showing that she cannot engage in prior work activity, the burden shifts to the Commissioner to show Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy. *See Turner*, 754 F.2d at 328; *Channel v. Heckler*, 747 F.2d 577, 579 (10th Cir. 1984).

## III.  Plaintiff's claims.

Plaintiff alleges that the ALJ failed to precisely relate her physical impairments to the vocational expert (VE); therefore, the expert's testimony cannot provide substantial evidence to support the ALJ's finding that Plaintiff can perform other work existing in the national economy. Doc. 18, at 12-13. The undersigned agrees, and has therefore elected not to address Plaintiff's remaining claims. *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand.").[3]

---

[3]     In particular, the undersigned notes that Plaintiff's first allegation will be moot on remand. In that claim, Plaintiff alleges that the ALJ failed to consider whether Plaintiff, at 49 years and nine months of age, was "borderline" to the "closely approaching advanced age" category. Doc. 18, at 6-11. As of the date of this recommendation, Plaintiff is approximately 52 years and nine months old, well within the "closely approaching advanced

## IV. Analysis.

### A. Standard for review.

This Court's review is limited to whether substantial evidence supports the ALJ's factual findings and whether the ALJ applied the correct legal standards. *See Wilson v. Astrue,* 602 F.3d 1136, 1140 (10th Cir. 2010).

### B. The ALJ's relevant findings.

The ALJ found that Plaintiff has severe "diabetes mellitus, obesity, hypertension, hypothyroidism, an affective disorder, and a personality disorder." AR 15. She then found that with these severe impairments, Plaintiff has the RFC to, in relevant part, "stand and/or walk for a total of four hours in a workday," and "sit, with normal breaks, for a total of four hours in a workday." *Id.* at 18. Finally, the ALJ found that Plaintiff cannot return to her past relevant work, but can perform work existing in significant numbers in the national economy. *Id.* at 20-21.

### C. The ALJ's error in questioning the VE.

When, as here, an ALJ relies on a VE's testimony regarding whether a person of the same age, education, work experience, and RFC as the claimant

---

age" category. 20 C.F.R. §§ 404.1563(d), 416.963(d) (noting that claimants are "closely approaching advanced age" when they are age 50-54); *see also* AR 132 (showing Plaintiff's birthday as December 15, 1961). Indeed, depending on when the SSA hears Plaintiff's case on remand, the relevant question may be whether Plaintiff is "closely approaching advanced age" or is "borderline" "of advanced age." 20 C.F.R. §§ 404.1563(e), 416.963(e) (noting that claimants are "of advanced age" when they are age 55 and older).

can perform work in the national economy, it is vital that the hypothetical question to the VE "relate with precision all of [the] claimant's impairments." *Hargis v. Sullivan*, 945 F.2d 1482, 1492 (10th Cir. 1991). If the ALJ fails to include all of a claimant's RFC limitations in the hypothetical question, the ALJ cannot rely on the VE's testimony. *See id.*; *see also Sitsler v. Astrue*, 410 F. App'x 112, 120 (10th Cir. 2011) (noting "that the ALJ never asked the VE a hypothetical question that included claimant's vocational factors . . . as well as all of the limitations in his RFC" and cautioning the ALJ "that a proper hypothetical question relating with precision all of the claimant's impairments is required in order for a VE's testimony to constitute substantial evidence to support the decision"); *Wiederholt v. Barnhart*, 121 F. App'x. 833, 839 (10th Cir. 2005) (reversing on grounds that the ALJ omitted "impairments that he found to exist" in the hypothetical question to the VE and cautioning that "[h]ypothetical questions should be crafted carefully to reflect a claimant's RFC").

As noted above, the ALJ found that Plaintiff can sit, with normal breaks, for only *four* hours in a workday. AR 18. But the ALJ asked the VE to testify whether work exists in the national economy for a hypothetical claimant that can sit for a total of *six* hours in a workday. *Id.* at 59. The VE testified that such a person can perform work as an appointment clerk, telephone sale representative, or a touch-up screener, *id.* at 59-60, and the

ALJ relied on that testimony to find that Plaintiff can perform work existing in the national economy. *Id.* at 21. Clearly, the ALJ's question to the VE did not accurately relate Plaintiff's RFC limitation of sitting for no more than four hours with normal breaks.

The Commissioner attempts to salvage the ALJ's opinion in two ways. First, she argues in a circular fashion that the ALJ found that Plaintiff can perform light work, and "light work includes sedentary-type jobs," and a job is "light" if it involves "a good deal of walking or standing, *or . . . sitting most of the time* with some pushing and pulling of arm or leg controls." Doc. 19, at 6 (emphasis in original). But the ALJ specifically found that Plaintiff *cannot* perform a full range of light work, AR 21, and in particular, can sit only *four* hours with normal breaks – not *most of the time. Id.* at 18.

Second, the Commissioner suggests that because the ALJ told the VE that the hypothetical claimant can stand and/or walk for four hours in a day, "it is logical to assume[] that the VE understood Plaintiff would be sitting the other four hours." Doc. 19, at 7. However, the ALJ told the VE to consider that the hypothetical person can walk and/or stand for "a maximum of four hours in a workday." AR 59. The ability to walk and/or stand for a *maximum* of four hours suggests that the hypothetical claimant can also be expected to walk and/or stand for *less* than four hours. When considered with the statement that the hypothetical claimant can sit for six hours, it is just as

reasonable to assume that the VE thought the hypothetical claimant capable of sitting for six hours and standing and/or walking for two hours. Because both assumptions are reasonable, the undersigned cannot speculate as to which one the VE reached.

In sum, the ALJ erred in questioning the VE, and as a result, the VE's testimony cannot constitute substantial evidence to support the ALJ's disability determination. Finding the Commissioner's arguments on the issue unpersuasive, the undersigned recommends that the court reverse and remand the decision.

## V. Recommendation and notice of right to object.

For the above reasons, the undersigned recommends that the court reverse and remand the Commissioner's decision.

The undersigned advises the parties of their right to file an objection to the report and recommendation with the Clerk of this Court by October 13, 2014 in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises the parties that failure to make timely objection to the report and recommendation waives the right to appellate review of both factual and legal questions contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 23rd day of September, 2014.

_____

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE